SAMUEL C. ZEFFERT, Appellant, v. WILLIAM ZEFFERT, CREST FURNITURE, INC., and ABRAHAM B. HERTZ, Respondents.— Action to establish a partnership and for an accounting. The issues were tried and judgment rendered in favor of the defendants and against the plaintiff, dismissing the complaint on the merits. The plaintiff appeals. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Davis, Adel, Taylor and Close, JJ.

## FOURTH DEPARTMENT, DECEMBER, 1938.
### (December 2, 1938.)

GUY C. MARKS, 247 Hagen Street, Buffalo, New York, Appellant, v. THE CITY OF BUFFALO, MOSIER & SUMMERS, INC., and GEORGE J. SUMMERS & CO., INC., Respondents.— Judgment reversed on the law as to the defendants City of Buffalo and Mosier & Summers, Inc., and a new trial granted as to said defendants, with costs to the appellant to abide the event, and affirmed as to the defendant George J. Summers & Co., Inc., with costs. Memorandum: There was evidence presented from which the jury could have found that for several years past water has run off the roof of the building located at 1266 Seneca street, in the city of Buffalo, and that the building is owned and occupied by the defendant Mosier & Summers, Inc., and that the water has run onto the sidewalk on Troupe street, a public street in the city of Buffalo, and has accumulated thereon and during the winter months has frozen and has caused the sidewalk at that point to be in a dangerous condition for use by pedestrians, and that the aforesaid conditions continued down to the day of the accident to plaintiff, and that the officials of the city of Buffalo had constructive notice of such conditions, and that as a result of these conditions the plaintiff slipped and fell on the sidewalk on Troupe street adjoining the building of Mosier & Summers, Inc. Therefore, it should have been left to the jury to determine whether plaintiff's injuries were caused by the negligence of the defendant the City of Buffalo, and of the defendant Mosier & Summers, Inc., and whether the plaintiff was guilty of contributory negligence. The record lacks evidence of facts to establish responsibility for the condition of the roof on the part of the defendant George J. Summers & Co., Inc., which was merely an occupant of one of the stores. All concur, except Crosby and Taylor, JJ., who dissent as to the defendants City of Buffalo and Mosier & Summers, Inc., and vote for affirmance as to them. (The judgment dismisses the complaint at the close of plaintiff's case in an action to recover damages for personal injuries sustained by falling on an icy sidewalk.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

COUNTY OF ERIE, Respondent, v. SHERMAN M. FAIRCHILD, Individually and as Sole Surviving Executor, etc., of JOSEPHINE M. FAIRCHILD, Deceased, Appellant, and FRANK MATTUS, Defendant.— Order affirmed, without costs of this appeal to either party. Memorandum: The record presents a fair question of fact and we are unable to say that the damages awarded do not compensate the owner adequately for the interest in the property taken. All concur. (The order confirms a report of the commissioners in a condemnation proceeding.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.